Richardson, Ob. J.,
delivered tbe opinion of tbe court:
Tbe claimant’s intestate did work for the defendants as a blacksmith on an Indian reservation, for which be received a voucher for $269 from tbe “ commissary in charge.” He transferred and assigned this voucher to one Wingfield in part payment for some interest in lahds purchased from tbe latter.
Tbe Commissioner of Indian Affairs allowed tbe amount, and referred it to tbe Second Auditor of tbe Treasury for settlement, “payment tobe made to whomsoever tbe accounting officers may decide entitled thereto.” Tbe Second Comptroller admitted and certified the same “payable to Sarah A. Harris, admin-istratrix, care of Thomas Wingfield.”
In accordance with statute provisions in relation to claims under exhausted appropriation (act of July 7,1884, ch. 334, 1 Supp. Rev. Stat., 2d ed., p. 470, par. 2) tbe claim was certified to Congress, and an appropriation out of which it might be paid was made by tbe act of February 1,1888 (25 Stat. L., 26, 29). Under this appropriation a Treasury warrant was drawn for tbe amount in tbe form stated by the Comptroller.
Upon this warrant a check, or draft as it is called at tbe Treasury, dated February 1,1888, was issued, payable on demand, to Sarah A. Harris, administratrix, or her order.
Tbe check was sent by mail, against claimant’s protest, to said Wingfield, who has ever since retained it and who refuses to surrender it to tbe claimant, and it has never been indorsed by her or paid. '
*180 Having remained outstanding, unsatisfied, and unpaid for more than three years, the amount was covered into the Treasury by warrant about July 20, 1891, to the credit of said adminis-tratrix, and there remains to her credit on the boots of the Treasury Department.
The assignment to Wingfield of the voucher was absolutely null and void by Revised Statutes, section 3477 (see United States v. Gillis, 95 U. S. R., 413; Spofford v. Kirk, 97 U. S. R., 485, and numerous other cases).
The defendants became liable to the claimant and to her alone for the amount. The check was erroneously sent to Wingfield, who was not an attorney at law, or an agent, or a person representing claimants before the Treasury Department, and who, therefore, was not entitled to the benefit of the “regulations governing attorneys and agents practicing before the Treasury Department” made by the Secretary under authority of the act of July 7,1884, chapter 334, section 3 (1 Supp. Rev. Stat., 2d ed., p. 470).
Being payable on demand and not presented within three years, and the amount having been covered into the Treasury, the check has ceased to be negotiable paper, transferable in the market, except as subject to all defenses of the maker. Payment to the present claimant upon the judgment of the court will be a bar to any liability by the defendants upon the check in whatsoever hands it may happen to fall.
The claimant, having an amount rightly due to her standing to her credit on the books of the Treasury Department, under Revised Statutes, section 306, is entitled to recover, as was held in the like case of Wayne (26 C. Cls. R., 274); and judgment will be entered in her favor for $269.